## SPEVAK et al. v. UNITED STATES.
### No. 5506.

Circuit Court of Appeals, Fourth Circuit.

Dec. 6, 1946.

Writ of Certiorari Denied Feb. 17, 1947.

See 67 S.Ct. 771.

---

[1] See Cong.Rec., Vol. 81, Part 7, 75th Cong., 1st Sess., pp. 7495 and 8141.

Norman S. Bowles, Jr., and Jesse H. Chessin, both of Washington, D. C. (Edward A. Schaub, of Baltimore, Md., on the brief), for appellants.

Bernard J. Flynn, U. S. Atty., of Baltimore, Md., for appellee.

Before PARKER, SOPER, and DOBIE, Circuit Judges

PARKER, Circuit Judge.

This is an appeal from a conviction and sentence for violation of section 4 of the Emergency Price Control Act of 1942 as amended. 50 U.S.C.A.Appendix, § 901 et seq. The appellants were convicted under thirty-one counts of an information containing forty counts, each of which charged the selling of meat at prices in excess of ceiling prices. They were acquitted under four counts and the charges contained in the other five were withdrawn. A number of questions are raised on appeal but only four are of sufficient substance to justify discussion. These are: (1) Whether there was error in refusing to continue the case and requiring appellants to proceed to trial despite their contention that they were without counsel; (2) whether there was error in admitting in evidence photostatic copies of invoices which the defendants had furnished to government agents; (3) whether the judge erred in not charging on the presumption of innocence, when no charge on

that subject had been requested and he had fully covered the doctrine of reasonable doubt; and (4) whether there was prejudicial error in admitting in evidence a report of the Federal Bureau of Investigation in corroboration of a witness who had denied the charge that he had solicited a bribe from one of the defendants. We think that all of these questions should be answered in the negative.

 The principal question raised by the appeal relates to the action of the court in ordering the case to trial in face of the contention by defendants that they could not secure counsel to represent them. The right of persons charged with crime to be represented by counsel and the duty of the court to afford their counsel fair opportunity to prepare for trial is, of course, too well settled to admit of argument. Powell v. Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158, 84 A.L.R. 527; Johnson v. Zerbst, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461; Walker v. Johnston, 312 U.S. 275, 286, 61 S.Ct. 574, 85 L.Ed. 830. It is equally well settled, however, that the right to counsel is one which may be waived. Johnson v. Zerbst, supra; Cundiff v. Nicholson, 4 Cir., 107 F.2d 162. It seems clear that an accused who is able to employ counsel and fails to do so after being afforded opportunity, thereby waives the right and may not urge lack of counsel as excuse for delay. This is recognized by rule 44 of the Federal Rules of Criminal Procedure, 18 U.S. C.A. following section 687, which provides: "If the defendant appears in court without counsel, the court shall advise him of his right to counsel and assign counsel to represent him at every stage of the proceeding unless he elects to proceed without counsel or is able to obtain counsel." This rule was intended to be a mere codification of what had already been established by the federal decisions. See Holtzoff, 20 N.Y. U.L.Q.R. 1.

It appears from the record before us that appellants were amply able to employ counsel. In fact they admit in their brief that they had expended $20,000 in employing counsel for various services, many of which the record shows to have been dilatory in character. They were given ample time to secure counsel and prepare for trial. The charges against them were of a simple character, viz., invoicing meat at ceiling prices and exacting a charge in excess of the invoice, each of the counts merely charging a separate transaction of this sort; and there is no reason why counsel could not have been secured and could not have prepared themselves to try the case on a few days' notice. Appellants had, in fact, more than a year to get ready; and the record amply supports the view, taken by the judge below in denying further continuance, that they were merely trifling with the court.

Appellants were first indicted in April 1945. They were arraigned on November 13, 1945, and were given until November 30th to file motions and obtain trial counsel, as the counsel then representing them professed inability to try a criminal case. They consulted a Washington attorney, who was engaged at the time in the trial of another case and who requested a postponement of their case for that reason with the result that a postponement of three weeks was granted. Later this attorney advised appellants that because of other engagements he could not undertake their defense. Nothing further was done in the case until May 31, 1946, when an information was filed containing counts selected from the original indictment and appellants were duly notified that the case would be tried on June 10th. On June 6th another attorney who had been consulted by appellants asked continuance on the ground that he had been employed by a Congressional committee and could not appear in the case; and a continuance was granted until June 18th. On that date two attorneys appeared for appellants and made a motion for a stay pending an appeal to the Emergency Court of Appeals, and a request was made by the attorney who obtained the former continuance for another continuance in order to enable appellants to employ trial counsel and was argued by these attorneys; but when these motions were denied they asked to withdraw from the case on the ground that they did not consider themselves competent to try a criminal case and had not been employed for that purpose. The motion for further continuance was denied and appellants were notified that the case would

go to trial next day and that they would have to obtain counsel to try it for them or try it themselves. Counsel appeared for them in selecting the jury, in moving for a new trial and in taking, perfecting and arguing their appeal but not in trying the case before the jury. The record shows, however, that they were given full opportunity to present their defense and that their rights were carefully safeguarded by the trial judge.

Whether or not a continuance should have been granted was a matter resting in the sound discretion of the trial judge; and under the circumstances of the case there appears to have been no abuse of the discretion. See Baker v. United States, 4 Cir., 21 F.2d 903; Isaacs v. United States, 159 U.S. 487, 16 S.Ct. 51, 40 L.Ed. 229. The case was a simple one; and it was absurd for appellants to contend that they could not obtain competent counsel to represent them on the trial. They found no difficulty in securing counsel to aid them in their various attempts to delay the proceedings; and the expenditure of much less than the $20,000 which they paid to these counsel would without doubt have secured the services of one of the many competent practitioners in the criminal courts of Baltimore.

On the second question, it appears that the photostatic copies of invoices introduced in evidence were made from copies of invoices voluntarily furnished by appellants to an OPA official. Under the Emergency Price Control Act the Administrator is authorized to require any person engaged in the business of dealing in any commodity to furnish information to him and to make and keep such records as he deems proper for his assistance in prescribing regulations and administering and enforcing the act, and he may require any such person to permit the inspection and copying of records and other documents. 50 U.S.C.A.Appendix, § 922(a), (b). The statute further provides:

"No person shall be excused from complying with any requirements under this section because of his privilege against self-incrimination, but the immunity provisions of the Compulsory Testimony Act of February 11, 1893 (U.S.C.1934 edition, title 49, sec. 46), shall apply with respect to any individual who specifically claims such privilege." 50 U.S.C.A.Appendix, § 922(g).

The Compulsory Testimony Act provides that self-incrimination shall not be an excuse for not attending and testifying or from producing documents before the Interstate Commerce Commission, and gives immunity as follows:

"But no person shall be prosecuted or subjected to any penalty or forfeiture for or on account of any transaction, matter or thing, concerning which he may testify, or produce evidence, documentary or otherwise * * *". 49 U.S.C.A. § 46.

Section 48 of Title 49 U.S.C.A. provides:

"Under the immunity provisions in sections 43, 46, and 47 immunity shall extend only to a natural person who, in obedience to a subpoena, gives testimony under oath or produces evidence, documentary or otherwise, under oath."

We think it perfectly clear that since the appellants were not required to produce the invoices under subpoena or otherwise, but furnished them voluntarily to officials of the government without claiming the privilege against self-incrimination as provided by the statute, there is nothing in the law which forbids their being received as evidence. And this seems to have been the conclusion reached in all the reported cases in which a similar question has been raised.

In Bowles v. Chu Mang Poo, D.C., 58 F. Supp. 841, 842, the question was squarely presented as to whether documentary evidence voluntarily submitted to officials of the government was rendered incompetent by the statutes relied on here. In holding the evidence admissible, Judge St. Sure distinguished between such case and one where the evidence was procured by subpoena, saying:

"Congress has shown a consistent intent that compulsory testimony statutes in legislation involving administrative boards shall apply only when evidence is given under the compulsion of a subpoena, and I am constrained to hold that it did not intend to make an exception of the Emergency Price Control Act."

In United States v. Kempe, D.C., 1945, 59 F.Supp. 905, reversed on other grounds, Kempe v. United States, 8 Cir., 151 F.2d 680, defendant who was charged with violating the act moved to· suppress evidence obtained by an OPA investigator with the permission of defendant's wife. The court quoted from the original Compulsory Testimony Act, 49 U.S.C.A. § 46, and said [59 F.Supp. 907]:

"The immunity provisions set out all have reference to cases where a party is being compelled to testify, or produce evidence. In the instant case the defendant is not being called or subpœnaed to testify or compelled to produce his books and records so those questions are not involved."

■ There is no contention that the photostatic copies were not true copies, and no reason why they should not have been received because they were copies, since the best evidence rule does not apply to exclude properly identified copies where the originals are in possession of the accused. Lisansky United States, 4 Cir., 31 F.2d 846, 850, 67 A.L.R. 67.

■■ On the third question, it appears that the learned trial judge did not mention the presumption of innocence in his charge to the jury, although he did charge fully and correctly on the doctrine of reasonable doubt. No request was made of him to charge on the presumption of innocence, however, and no exception was taken. to the failure to so charge; and it is well settled that such failure is no foundation for error on appeal in the absence of request or exception. Reger v. United States, 10 Cir., 37 F.2d 74, 75; United States v. McGuire, 2 Cir., 64 F.2d 485, 493, certiorari. denied 290 U.S. 645, 54 S.Ct. 63, 78 L.Ed. 560; Dinger v. United States, 8 Cir., 28 F.2d 548, 550; Silverberg v. United States, 5 Cir., 4 F.2d 908, 909, certiorari denied 268 U.S. 706, 45 S.Ct. 640, 69 L.Ed. 1168; DeBellis v. United States, 7 Cir., 22 F.2d 948, 950. Since appellants were not represented by counsel in the court below, we would notice the failure to charge on the presumption of innocence, notwithstanding there was no request for the charge, if we thought that appellants had been prejudiced in any way by the failure. We are satisfied, however, that there was no such prejudice, and that a charge on the presumption could not have affected the result. Although in some cases a charge on reasonable doubt cannot be said to take the place of a charge on the presumption of innocence, this is manifestly not such a case. The guilt of the defendants depended upon whether they did or did not charge and receive amounts in excess of the maximum prices set forth in the invoices; and the jury were clearly instructed not to convict unless satisfied ·beyond a reasonable doubt that appellants did this, and did it intentionally. It would have added nothing, as a practical matter, to have told them that appellants were presumed to be innocent until their guilt was established beyond a reasonable doubt.

■ On the fourth question, the record shows that the appellant Spevak stated in the presence of the jury that one Sachse, a government official, had threatened him with trouble unless he paid $5,000. Sachse took the stand and denied this, testifying that Spevak had attempted to bribe him and that he had reported the matter to his superior and to the Federal Bureau of Investigation. An F. B. I. agent, DuBois, testified that a record of the F. B. I. showed that Sachse had in fact reported this attempted bribery by Spevak. There was no objection to this testimony; and it was unquestionably proper to admit the F. B. I. record for the purpose of corroborating Sachse. The record indicates that the court received secondary evidence of the contents of this record; but no objection was made on this or any other ground and the situation is not one where, to prevent a miscarriage of justice, we should notice a matter not objected to on the trial. The guilt of the appellants was so clearly shown that neither this corroborative testimony nor the entire testimony as to the attempted bribery could have affected the result.

Other points argued before us are so lacking in merit as not to warrant discussion. The judgment and sentence of the court below will be affirmed.

Affirmed.