UNITED STATES of America,
Appellee,

v.

Robert SPARRE and James L. Coleman,
Appellants.

No. 9493.

United States Court of Appeals
Fourth Circuit.

Argued Nov. 18, 1964.

Decided Dec. 14, 1964.

Leon H. A. Pierson, Baltimore, Md. (L. Wethered Barroll, Baltimore, Md., on brief), for appellants.

Robert J. Carson, Asst. U. S. Atty. (Thomas J. Kenney, U. S. Atty., on brief), for appellee.

Before HAYNSWORTH, BOREMAN and BRYAN, Circuit Judges.

PER CURIAM:

The Migratory Bird Treaty Act[1] and the regulations[1] issued thereunder were violated on November 24, 1962 by James L. Coleman and Robert H. Sparre, according to the criminal information, in hunting and attempting to take and kill wild ducks and geese with the aid of corn scattered on a pond on Sparre's Maryland farm as a lure. From the judgment of conviction entered on a jury's verdict they appeal. We affirm.

They ask for reversal on the ground that not only did they not know the pond was baited, but they had no reasonable opportunity to discover the corn before entering the blind to shoot. With only slight differences in it, the evidence abridged is as follows. Sparre resided in North Carolina and the farm was managed for him by Coleman. During the summer of 1962, Sparre had purchased two hundred mallard ducklings to raise on the pond. These birds had been fed in the pond area on a programed diet, beginning with pellets and ending with shelled corn in late October, 1962. The feed was stored on the premises.

1. 16 U.S.C. §§ 703–711 and U.S. Fish and Wildlife Service, Regulatory Announcement 67, issued September 1962.

On November 23, 1962 two Federal game agents, using binoculars at a distance of 300 to 350 yards from the Sparre pond, observed three unidentified men throw the contents of a 5-gallon can, what appeared to be corn, into the pond near a hunting blind. Without contradiction Sparre testified that he and Coleman had not been on the farm that day. The next morning about 7 o'clock these and three other agents observed two men hunting from the blind by the pond. At trial the agents stated that Coleman ran as they approached but stopped when called. Any attempt to flee was denied by both defendants. Each of them carried a loaded shotgun and was appropriately dressed.

Wading the pond where they thought corn had been scattered the day before, the agents dragged the bottom with bait-scrapes and recovered three kernels of corn. One agent, qualifying as an expert on the deterioration of corn, testified that two of the grains had been in the water approximately twenty-four hours and the third kernel had been in approximately a week or longer.

 With the clear, affirmative assent of the accused, the trial proceeded upon the understanding that to convict no proof was required of their knowledge of the presence of the bait. The point cannot now be made. This concession also excludes the dependent defense that there was no prior chance to discover the grain. Therefore, we are not obliged, and we do not undertake, to pass upon the question of whether scienter is an element of the offense. F.R. Crim.P. 51; United States v. Atkinson, 297 U.S. 157, 159, 56 S.Ct. 391, 80 L.Ed. 555 (1936); United States v. Switzer, 252 F.2d 139, 144 (2 Cir. 1958), cert. denied 357 U.S. 922, 78 S.Ct. 1363, 2 L.Ed.2d 1366; Kendrick v. United States, 102 U.S.App.D.C. 296, 252 F.2d 860, 861 (1958), cert. denied 357 U.S. 938, 78 S.Ct. 1388, 2 L.Ed.2d 1552; Parker v. United States, 184 F.2d 488, 490 (4 Cir. 1950); Spevak v. United States, 158 F.2d 594, 598 (4 Cir. 1946), cert. denied 330 U.S. 821, 67 S.Ct. 771, 91 L.Ed.

1272. These decisions include failures to object to such vital parts of a trial as the presence of the accused and omission of a charge on presumption of innocence. If these are waived by absence of objection, surely the express positive waiver of scienter here is not saved as "plain error" under F.R.Crim.P. 52(b). So considered, the evidence was ample to convict.

However, if such proof was required, adequate evidence for the purpose was not wanting. The jury could have imputed knowledge from the aggregate of these facts: the defendant-appellants' exclusive ownership, control, management and supervision of the farm, including the pond; the open and notorious deposit of the corn; the absence of any explanation or motive for an unauthorized placing of corn by another in the pond of the defendants; and the fact that corn was available for the forbidden use. Coleman's move as if to flee the blind might well have been deemed self-incriminating by the jury.

Affirmed.