**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Robert Lester TERRY, Defendant-
Appellant.**

**No. 71-1739
Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Oct. 27, 1971.

Jack R. Nageley, Harvey S. Swickle, Miami Beach, Fla., for defendant-appellant.

Robert W. Rust, U. S. Atty., Marsha L. Lyons, Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before GEWIN, GOLDBERG and DYER, Circuit Judges.

DYER, Circuit Judge:

Terry appeals from a judgment of conviction entered on a jury verdict of guilty of the interstate transportation of a stolen motor vehicle and its transportation in foreign commerce.[1] The main thrust of his appeal is the refusal of the district court to grant him a continuance so that he would have additional time to obtain an attorney, and the further refusal of the court to appoint counsel for him. This, Terry argues, deprives him of his constitutional right to be represented by counsel. We disagree and affirm.

Terry and a co-defendant were arraigned October 13, 1970. They were represented by lawyer Goshgarian, who was retained by and represented the co-defendant throughout the trial. At arraignment, the trial was set for November 30, 1970, approximately six weeks hence. On November 16, 1970, a motion

---

* [1] Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 1970, 431 F.2d 409, Part I.

1. 18 U.S.C.A. § 2312.

for continuance was filed by Goshgarian as "Attorney for Defendants". The motion was promptly denied. On November 30, 1970, the day of trial, Terry appeared without counsel and requested that the case be continued in order that he might retain a new lawyer. He informed the court that he had no confidence in Goshgarian as his counsel and that he had discharged him. He did not advise the trial court in advance of the trial date of his lack of counsel. The Government was prepared for trial with some twenty witnesses, several from out of state, in attendance. The court nevertheless granted Terry a 48 hour continuance on the basis of his representation that he had contacted a local attorney three weeks before the trial date whom he desired to represent him.

Two days later, on Dec. 2, 1970, the case was called for trial and Terry again appeared without counsel. He represented to the court that he had been unable to obtain the lawyer he desired because the lawyer had insufficient time to prepare. The court finally offered to allow him time to again contact the local attorney with whom he had consulted, to see if he would come that day and represent him, or in the alternative to seek the assistance of the co-defendant's counsel. These offers Terry refused and although he finally requested that the court appoint counsel for him, he made it plain that he would not have any confidence in a public defender. While Terry generally disparaged lawyers and accused them of charging exorbitant fees, there is no suggestion in the record that he was without funds or indigent and thus unable to retain local counsel with whom he consulted or Goshgarian. The request for appointment of counsel was denied. Terry was not represented by counsel throughout the trial.

■ Whether a denial of a request for continuance to obtain counsel is violative of the Sixth Amendment guarantee of the right to counsel must be resolved on a case by case basis, depending upon the particular circumstances, including the reasons for the request presented to the trial judge. Ungar v. Sarafite, 1964, 376 U.S. 575, 589, 84 S. Ct. 841, 11 L.Ed.2d 921; Avery v. State of Alabama, 1940, 308 U.S. 444, 448, 60 S.Ct. 321, 84 L.Ed. 377; United States v. Johnson, 5 Cir. 1969, 417 F.2d 332, 333.

■ It is undisputed that Terry was given a reasonable time to secure counsel of his personal choice. Crooker v. California, 1958, 357 U.S. 433, 439, 78 S.Ct. 1287, 2 L.Ed. 1448; United States v. Bentvena, 2 Cir. 1963, 319 F.2d 916, 936, cert. denied, 1963, 375 U.S. 940, 84 S.Ct. 345, 11 L.Ed.2d 271. It is equally clear that he was financially able to retain counsel. In these circumstances, his failure to retain counsel was properly treated by the court as a waiver of his right to counsel. Johnson v. Zerbst, 1938, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461; United States ex rel. Davis v. McMann, 2 Cir. 1967, 386 F.2d 611, 618, cert. denied, 1968, 390 U.S. 958, 88 S.Ct. 1049, 19 L.Ed.2d 1153; United States v. Arlen, 2 Cir. 1958, 252 F.2d 491, 494; Spevak v. United States, 4 Cir. 1946, 158 F.2d 594, 596, cert. denied, 1947, 330 U.S. 821, 67 S.Ct. 771, 91 L.Ed. 1272. Terry's freedom of choice of counsel may not be manipulated to subvert the orderly procedure of the courts or to interfere with the fair administration of justice. Bowman v. United States, 5 Cir. 1969, 409 F.2d 225, 226, cert. denied, 1970, 398 U.S. 967, 90 S.Ct. 2183, 26 L.Ed.2d 552, citing United States v. Llanes, 2 Cir. 1967, 374 F.2d 712, 716.

We agree with the rationale of the Fourth Circuit: "[The defendant] is incorrect in his assumption that the Sixth Amendment Rights have been newly-wrapped in a climate which affords a defendant the right to obtain a delay at his whim and caprice, or to obtain a reversal because he was unable to frustrate justice." United States v. Grow, 4 Cir. 1968, 394 F.2d 182, 210.

The denial of Terry's request for a further and third continuance to secure

new counsel was not violative of Terry's Sixth Amendment rights. This being so, it was within the sound discretion of the trial court, the exercise of which will not be disturbed in the absence of a clear abuse of discretion. Avery v. Alabama, *supra*, 308 U.S. at 448, 60 S.Ct. 321; Ungar v. Sarafite, *supra*, 376 U.S. at 589, 84 S.Ct. 841. We find no such abuse here.

Terry's contention that the evidence was insufficient to support the verdict of the jury is without merit. Viewing the evidence in the light most favorable to the Government, Glasser v. United States, 1942, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680, Gordon v. United States, 5 Cir. 1971, 438 F.2d 858, there was ample evidence to take the case to the jury.

Affirmed.