[Cite as *State v. Beem*, 2020-Ohio-2964.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. John W. Wise |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2019CA00062 |
| KIMBERLY R. BEEM | : |  |
|  | : |  |
| Defendant-Appellant | : | OPINION |

CHARACTER OF PROCEEDING:    Criminal appeal from the Licking County
Court of Common Pleas, Case
2018CR00454

JUDGMENT:    Affirmed

DATE OF JUDGMENT ENTRY:    May 14, 2020

APPEARANCES:

For Plaintiff-Appellee        For Defendant-Appellant

PAULA SAWYERS        CARLY EDELSTEIN
Licking County Prosecutor        Ohio Public Defender's Office
20 South 2nd Street        250 East Broad Street, Ste. 1400
Fourth Floor        Columbus, OH 43215
Newark, OH 43055

*Gwin, P.J.*

{¶1}   Defendant-appellant Kimberly R. Beem ["Beem"] appeals her convictions and sentences after a jury trial in the Licking County Court of Common Pleas.

*Facts and Procedural History*

{¶2}   On July 3, 2018, Beem was indicted with one count of violating a protection order, in violation of R.C. 2919.27, and two counts of telecommunications harassment, in violation of R.C. 2917.21.   Because Beem had previously been convicted of telecommunications harassment each of the telecommunications harassment charges in the instant case were elevated to felony charges.   *See* R.C. 2917.21(C)(2).

{¶3}   Beem filed a financial disclosure form with the trial court on July 5, 2018. On that form, she indicated that she received Food Stamps and Medicaid, and that she was in the process of applying for Supplemental Security Income ("SSI").  She additionally indicated that she did not have any value in either a checking or savings account. Based on that filing, the trial court appointed counsel to represent Beem.

{¶4}   On February 11, 2019, Beem filed a second financial disclosure form, notifying the court of a change in her financial status.  On this form, Beem indicated that she began receiving Social Security Disability Insurance ("SSDI"), in the amount of $2,547 per month, and that she still received Medicaid and Food Stamps, although she would soon lose those benefits.  Additionally, she indicated that she received SSDI back pay in an amount exceeding $15,000, which she deposited into her bank account.

{¶5}   The jury trial in Beem's case was scheduled for February 27, 2019.  Beem's, attorney filed a Motion to Withdraw on February 26, 2019. On February 26, 2019, the trial court denied counsel's motion to withdraw.  On the day set for jury trial, February

27, 2019, Beem filed a pro se Notice of Discharge of Counsel and Motion for Continuance. This motion was addressed by the trial court on February 27, 2019, the day her case was scheduled for jury trial.

{¶6}    Counsel indicated to the trial court that Beem no longer had confidence in her and Beem felt that there was a breakdown in communication.  The trial court addressed Beem at this hearing, regarding her Notice of Discharge of Counsel and Motion for Continuance.   Beem informed the trial court that the breakdown in communication with her attorney had been going on for "quite some time."  PT at 7-8[1].  Beem informed the trial judge that she felt her trial counsel was more interested in her taking a plea than in defending her. PT. at 8.  Beem further indicated that she had to insist that her trial counsel file motions and, her trial counsel did not subpoena everyone Beem wanted subpoenaed. PT. at 9.  Beem was clear that she intended to hire her choice of counsel based upon the change in her finances. Appointed counsel assured the trial court that she was prepared to go to trial.   PT. 5-6; 11.   Beem informed the trial court that she had a constitutional right to select her own attorney.  PT. at 10.

{¶7}    The trial court initially denied Beem's request to discharge her attorney, to continue the trial, and to allow her time to hire private counsel.  PT. at 10. The trial court did not find a sufficient breakdown in the attorney-client relationship to warrant removing appointed counsel.  PT. at 7-8; 9-10; 12.  The trial court stated that it believed this was an effort by Beem to delay the proceedings, especially in light of the fact that the case had been pending for some time.  PT. at 10; 13; 15.  The trial court made it clear to  Beem

---

[1] For clarity, the Preliminary Trial Hearing, that was the hearing on Counsel's Motion to Withdraw and Beem's Motion to Discharge Counsel, held Feb.  27, 2019 will be referred to as, "PT.___."

that she did not have the right to choose her court appointed counsel. PT. at 13. At that point, Beem informed the trial court that her intention was to hire an attorney. Id. Beem then accused her appointed counsel of professional misconduct and of being ineffective in her representation. PT. at 14. At that point, counsel requested again to withdraw from representing Beem. The trial court again noted that this appeared to be a delay tactic by Beem and indicated his belief that it could occur again on the next date the case was scheduled for trial. PT. at 14-15.

{¶8} After a brief recess in which counsel contacted by telephone Ohio Disciplinary Counsel the trial court resumed the hearing. Counsel again asked the Court be released from her representation of Beem based upon Beem's assertions of professional misconduct and ineffectiveness. PT. at 18. Beem again made it clear that she was hiring an attorney. Id. The trial judge made it clear that he had concerns over the fact that the case had been pending since July 2018 and that the February 27th date was the third jury trial date already in the case, but did reluctantly grant a continuance to allow Beem to hire an attorney. PT. at 19-20.

{¶9} The trial court permitted the court appointed attorney to withdraw. PT. at 20. The trial court asked Beem how much time she would need to obtain counsel and give the hired counsel appropriate time to prepare for trial. Id. Beem indicated six weeks; accordingly, the trial court indicated it would set the trial date out for at least two months, in order to allow sufficient time. PT. at 20-21.

{¶10} The trial court set the next jury trial for May 22, 2019, almost three full months from the date of the continuance, On April 30, 2019, the state filed a Motion for Status Conference, indicating that, as of that date, despite Beem being clear that she did not

intend to represent herself, Beem had yet to hire trial counsel. The trial court denied this motion on May 6, 2019. However, a hearing was held on May 21, 2019, regarding the state's Motion in Limine to Exclude Inadmissible Evidence and Motion to Voir Dire Defense Witnesses Prior to Jury Trial or Outside Presence of Jury.

{¶11} On May 21, 2019, a day before trial was set to begin, Beem appeared in court without an attorney. The trial court attempted to ascertain the reason for her appearance without counsel, "I take it you either decided not to hire a lawyer or could not afford to hire one for what you felt was fair or something like that."[2] MT. at 38. Beem responded that she tried to retain counsel from as far as Columbus and Cleveland, but she was unable to afford their fees. She stated, "[T]here were plenty but they were $15,000 to $25,000 because of the travel time and because of all the issues with this case…But, anyway, I can't afford $20,000 for an attorney." MT. at 39-40. The following colloquy then occurred on the record:

THE COURT: Okay. I -- as far as representing yourself here, and I don't object to you doing that at all and you're certainly going to be more capable than many people that have tried to do that are, but I take it you either decided not to hire a lawyer or could not afford to hire one for what you felt was fair or something like that.

MS. DEEM: I'll explain exactly what happened. I tried -- I shared this on February 27th that I started making some calls, and there had been calls made to Columbus attorneys, Diane Menashe was one of them, who said -

---

[2] For clarity, the Motion Hearing, held May 21, 2019 will be referred to as "MT.__"

- who told me, "You're known.  You file motions on your own.  We all know not to represent you."  And I got that from several Columbus attorneys.

THE COURT: Okay.

MS. BEEM: So, thanks to the Licking County Prosecutor's office, Columbus was not an option, so I started reaching out and I -- as you know, I used to live in Chicago, and I used to live in New Albany -- or you may know.  I lived in Naperville and worked downtown Chicago and I used to be quite the snob, and I've learned because of having to live in shelters that I have to accept things that I never would have accepted before, but I will not accept some of the pitiful attorneys that are -- mean, the whole mess that started this is a Lancaster attorney.

THE COURT: Well, that's fine.  You've at least inquired and tried to find a lawyer.

MS. BEEM:  But what I want to share, when reached out to Cleveland attorneys, there were plenty but they were $15,000 to $25,000 because of the travel time and because of all the issues with this case.

As you know, Ms. Tome even reached -- looked into or addressed the issue with the CPO not being valid.  I mean, we're talking it was based on a non-oral ex parte.

But, anyway, I can't afford $20,000 for an attorney.

THE COURT: Right.

MS. BEEM: And then -- and to be honest, Judge, you know I think you're biased.  I mean, I've made no bones about that.  So, I decided the

best thing for me to do, I've already reached out to a group that gets out-of-area attorneys to handle appeals --

THE COURT: Um-hmm.

MS. BEEM: -- and they'll charge me $4,500 for an appeal.

THE COURT: Okay.

MS. BEEM: And so I decided from an economic standpoint I was better to do this pro se and save my money for appeal.

THE COURT: Okay. I just need to make sure that you understand you're entitled to be represented by an attorney. You have the right to have one appointed for you at no cost if you could not afford one.

MS. BEEM: But we already said I can't have that anymore.

THE COURT: Well, I don't know that to be true, but, I mean, it could be true. I don't -- you haven't requested a new one with a new affidavit or anything since your last affidavit was filed.

MS. BEEM: It would be nice if I could have an attorney just to provide legal direction but I haven't been able to find one that does that.

THE COURT: Well, you have a constitutional right to an attorney to represent you at all times. And you understand sometimes a Defendant that represents themselves could impart a negative feeling to a jury since they don't have a lawyer representing them? Do you understand that?

MS. BEEM: I understand all of these things, sir.

THE COURT: Okay. And you understand that you're going to be held to the same rules of evidence as to lawyers who represent themselves or represent clients?

Have you represented yourself before in a criminal case?

***

MS. BEEM: In consideration of those things, I would like to have a court-appointed attorney to help me with the rules of evidence.

THE COURT: You need to fill out an application for a court-appointed attorney to do that and our trial's set for tomorrow.

MS. BEEM: I understand this. I didn't know that I had these options.

THE COURT: You had a court-appointed attorney before.

MS. BEEM: And she -- her interest was in a plea bargain. That's all she was interested in. She wouldn't even meet with me many times when I requested we meet.

THE COURT: Well, she's not the only client that -- you're not the only client she has, and you should be able to understand that her view of what it takes to do your case and your view might be different.

***

MS. BEEM: Understood. I have represented myself in civil cases.

THE COURT: Pardon?

MS. BEEM: I have represented myself in civil cases.

THE COURT: I think so and I don't doubt your ability to be able to do that, but I'm required to make a record so that you can understand that we've done that or gone through it.

You understand you have the right not to incriminate yourself and the right to remain silent? Do you understand that?

MS. BEEM: Yes, sir.

THE COURT: Okay. And do you understand generally I would -- my advice to you would be that in almost every case it's better that a trained lawyer defend you than representing yourself? Do you understand that?

MS. BEEM: Yes, Your Honor, and I agree with that.

THE COURT: Okay.

MS. BEEM: And that's why I wish I could have had somebody that was willing to represent me.

THE COURT: Well, you could have had lots of people but they were either not good enough for you or --

MS. BEEM: Not exactly.

THE COURT: I'm sure you didn't -- you wouldn't choose anybody here from Licking County it doesn't sound like.

MS. BEEM: I've talked to attorneys in Licking County that were probably good enough, but they also are aware enough that -- what this case is about. This case is not about a crime. People know I've committed no crimes. This is about Oswalt's revenge and Paula Sawyers' revenge.

THE COURT: I don't think so, really. It's just a crime. It's just they're proving the facts and defending the facts. That's all there is to it.

MS. BEEM: She comes after me after she's been -- had her hand smacked in Disciplinary Counsel it's pretty clear.

THE COURT: I don't really think --

MS. BEEM: And no one in this county wants it to come out that possibly all CPOs or all CSPOs and some CPOs are not valid.

\*\*\*

THE COURT: All right. So, what is your plan for tomorrow then?

MS. BEEM: To be here by 9:00.

THE COURT: Okay. Are you representing yourself tomorrow?

MS. BEEM: Unless you want to provide me with a court-appointed attorney.

THE COURT: I can't appoint anybody to do anything for tomorrow.

MS. BEEM: Okay. Then I guess I have no choice, right?

THE COURT: No. I don't know. I'm not sure that you don't have a choice, but I don't want to drag your case out any more, I don't want to continue it again, and if you had needed an attorney, you certainly should have requested one before the day before the trial I would think.

MS. BEEM: I didn't know that that was an option based on your previous statements.

THE COURT: You had a court-appointed attorney before.

MS. BEEM: You were pretty clear about it in the February 27th hearing.

THE COURT: You had money to hire one and you were ready to hire one.

MS. BEEM: And that -- I did not know what -- to the extent what Ms. Sawyers had done.

THE COURT: My feeling is they haven't done anything, and that if you wanted an attorney to represent you, you'd have been able to get one. I'm not sure .your reputation doesn't precede you to a certain extent but --

MS. SEEM: Excuse me?

THE COURT: -- lawyers are there to make money so they're -- for the right amount of money they're going to do that, I suppose, but --

MS. BEEM: I would have had no reputation in Franklin County.  I understand my reputation in Licking County, even though my family's been here longer than anybody sitting in this room, has been destroyed by the Prosecutor and the Sheriff's Office.  But, you see, I have never had an issue in Franklin County.  I've never had an issue anywhere.

THE COURT: There's a lot of lawyers over there so you shouldn't have a problem finding someone there.

MS. BEEM: You have to remember, too, I was incredibly ill in March and April.

THE COURT: Okay.  Well, if you're seeking appointed counsel, you need to file the affidavit or do the request and we'll – we'll take a look at it

and see how it goes.  But, again, it's awfully late in the game to be doing

that.

MT. at 38-49.  The trial court requested that Beem execute a written waiver of counsel after informing her that it could be revoked at any time.  MT. at 51-52.  The trial court also advised Beem where she could obtain an application for court-appointed counsel.  Id. at 53.  Beem did complete an application for court-appointed counsel on May 21, 2019, after the hearing.  In this application, Beem reported having $14,200 in savings and that she was receiving $2,475 as gross monthly income.  The trial court denied Beem's request for appointed counsel, finding that Beem's household income exceeded the guidelines.

{¶12}  On May 22, 2019, Beem appeared in court, again without counsel.  The trial judge began by addressing Beem's eligibility for court-appointed counsel, stating, "[A]fter our hearing Ms. Beem was kind enough to fill out an affidavit or a request for court-appointed counsel, and based on your income levels, you just don't fall in the requirements for the Court to be permitted to provide appointed counsel so I issued a denial of that request."[3]  1T. at 6.  Beem then completed a signed waiver of counsel on the record.  1T. at 6-8, 12-13.

{¶13}  Ultimately, the jury convicted Beem of the charges in the indictment and she was sentenced to serve a term of five years of community control and pay the costs associated with her case.

*Assignments of Error*

{¶14}  Beem, through counsel, raises one Assignment of Error,

---

[3] For clarity, the jury trial transcript will be referred to as, "__T.__," signifying the Volume and the page number.

{¶15} "I. THE TRIAL COURT ERRED IN CONCLUDING THAT KIMBERLY BEEM WAS NOT INDIGENT, VIOLATING HER CONSTITUTIONAL RIGHT TO COUNSEL. SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I OF THE OHIO CONSTITUTION."

*Law and Analysis*

{¶16} Beem first argues that the trial court erred in concluding Beem was not indigent.

**STANDARD OF APPELLATE REVIEW.**

{¶17} The determination of whether a criminal defendant is indigent and, thus, in need of appointed counsel is a matter within the sound discretion of the trial court. *See State v. Weaver*, 38 Ohio St.3d 160, 161, 527 N.E.2d 805 (1988). The determination of the trial court in this regard will not be reversed on appeal absent an abuse of discretion. Id.

{¶18} An abuse of discretion can be found where the reasons given by the court for its action are clearly untenable, legally incorrect, or amount to a denial of justice, or where the judgment reaches an end or purpose not justified by reason and the evidence. *Tennant v. Gallick,* 9th Dist. Summit No. 26827, 2014-Ohio-477, ¶35; *In re Guardianship of S .H.*, 9th Dist. Medina No. 13CA0066–M, 2013–Ohio–4380, ¶ 9; *State v. Firouzmandi,* 5th Dist. Licking No.2006–CA–41, 2006–Ohio–5823, ¶54.

**ISSUE FOR APPEAL.**

*Did the trial court abuse its discretion in finding that Beem was not indigent based upon her receipt of SSDI Benefits?*

{¶19} Beem first contends that because she was receiving Social Security Disability Income Benefits ["SSDI"], she is presumed to be indigent. [Appellant's Brief at 9-10]. Ohio Admin. Code 120-1-03 provides, in relevant part,

(B) Presumptive eligibility. An applicant is presumed indigent and thus entitled to the appointment of counsel at state expense under the following circumstances:

(1) The applicant currently receives poverty-based public assistance such as federal supplemental security income, Ohio works first, temporary assistance to needy families, medicaid, aid to families with dependent children, supplemental nutrition assistance program, refugee cash assistance, refugee medical assistance, poverty-related veterans' benefits, or other poverty-based governmental assistance.

\* \* \*

{¶20} It does not appear that the above-quoted section was intended to create a conclusive presumption. Ohio Admin. Code 120-1-03 goes on to provide,

(C) Income and expenses. When determining an applicant's indigence, the following *shall* be considered:

(1) Wages and earnings from employment, unemployment compensation, workers compensation, child support, pension and *social security compensation, disability compensation, and all other forms of compensation and governmental assistance.* Only the income of the applicant may be considered, unless other persons in the applicant's household have a legal duty to support the applicant.

(2) Other liquid financial assets, including but not limited to: *available cash reserves in savings and checking accounts*, commonly traded stocks and bonds, certificates of deposit, and other similar ownership or entitlement to readily available financial resources with which the applicant might hire legal counsel; but excluding property necessary to maintain employment.

Emphasis added. In the case at bar, the trial court found Beem indigent and appointed counsel to represent Beem by Judgment Entry filed July 6, 2018. [Docket No. 7]. On February 11, 2019, Beem filed a subsequent financial disclosure affidavit. [Docket No. 49]. In this affidavit, Beem noted that she was receiving $2,547 per month in SSDI benefits and had received a SSDI back award of $15,000.00 that she had deposited into her bank account. The trial court did not remove Beem's appointed counsel in response to the change in Beem's financial status.

{¶21} On February 27, 2019, appointed counsel filed a Motion to Withdraw. This motion was not premised upon Beem's financial status; rather appointed counsel cited a breakdown in attorney-client relations. By Judgment Entry filed February 26, 2019, the trial court denied appointed counsel's motion to withdraw. [Docket No. 67]. On February 27, 2019 Beem filed, pro se, a Notice of Discharge of Counsel and Motion for Continuance. [Docket No. 69]. In this Notice, Beem stated, "Defendant now has the ability to retain private counsel and does not wish to waive her right to counsel." Beem asked the court to discharge her court appointed attorney.

{¶22} It was, therefore, at Beem's insistence that the trial court permitted appointed counsel to withdraw and continued the case. Judgment Entry, filed Feb. 27,

2019. [Docket No. 71]. By Court Order filed March 1, 2019, Beem's jury trial was scheduled to begin on May 22, 2019. [Docket No. 73].

{¶23} Pursuant to Ohio Admin. Code 120-1-03(C)(1) the trial court could properly consider Beem's SSDI payments in determining Beem's entitlement to appointed counsel. Pursuant to Ohio Admin. Code 120-1-03(C)(2), the trial court could properly consider Beem's $15,000.00 bank account in determining her eligibility for appointed counsel.

{¶24} Accordingly, the trial judge did not abuse his discretion by finding Beem was not entitled to appointed counsel even though she was receiving SSDI benefits. [Appellant's brief at 10].

{¶25} Beem next argues that she was entitled to appointed counsel notwithstanding her financial ineligibility. [Appellant's Brief at 10 - 13].

**ISSUE FOR APPEAL.**

*Did the trial court abuse its discretion by not engaging in a thorough analysis of all of Beem's circumstances before ruling Beem ineligible for appointed counsel?*

{¶26} In *State v. Tymcio,* 42 Ohio St.2d 39, 325 N.E.2d 556(1975), the Ohio Supreme Court recognized that the trial court in a criminal case, whether involving a serious offense or a minor offense, has a duty to inquire fully into the circumstances relating to an accused's claimed inability to obtain counsel and his consequent need for assistance from the trial court in employing counsel or for the assistance of court appointed counsel. "To make the right to the assistance of court appointed counsel a factual reality, the determination of need must turn, not upon whether an accused ought to be able to employ counsel, but whether he is in fact able to do so." *Tymcio,* at 45, 325

N.E.2d 556. As the Ohio Supreme Court noted many factors, financial and otherwise, may "impinge upon a defendant's inability to obtain counsel, factors which may differ greatly from case to case." *Tymcio,* at 44, 325 N.E.2d 556. There is a presumption against the waiver of a constitutional right such as the right to counsel. *See Brookhart v. Janis*, 384 U.S. 1, 86 S.Ct. 1245, 16 L.Ed.2d 314(1966).

{¶27}  We have already noted that Beem insisted that the trial court remove her court appointed attorney.  We have further noted that Beem represented to the trial court that she had the financial means to retain private counsel, and that she intended to hire private counsel to represent her. It was, therefore, not until May 21, 2019, the day before trial that Beem now contends the trial court erred in not finding her entitled to appointed counsel.

{¶28}  We must, however, recognize the conundrum faced by the trial court in the case at bar. In this case, Beem informed the trial court that she had a constitutional right to select her own counsel.  PT. at 10.

{¶29}  The Sixth Amendment provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defense." U.S. CONST. amend. VI. This right "guarantees a defendant the right to be represented by an otherwise qualified attorney whom that defendant can afford to hire, or who is willing to represent the defendant even though he is without funds." *Caplin & Drysdale, Chartered v. United States,* 491 U.S. 617, 624-25, 109 S.Ct. 2646, 105 L.Ed.2d 528 (1989). "A criminal defendant who desires and is financially able to retain his own counsel 'should be afforded a fair opportunity to secure counsel of his own choice.'" *Ibid.* (quoting *Powell v. Alabama,* 287 U.S. 45, 53, 53 S.Ct. 55, 77 L.Ed. 158 (1932)).

{¶30} The Supreme Court has held "that erroneous deprivation of the right to counsel of choice, 'with consequences that are necessarily unquantifiable and indeterminate, unquestionably qualifies as "structural error.""" *United States v. Gonzalez–Lopez,* 548 U.S. 140, 150, 126 S.Ct. 2557, 165 L.Ed.2d 409 (2006) (quoting *Sullivan v. Louisiana,* 508 U.S. 275, 282, 113 S.Ct. 2078, 124 L.Ed.2d 182 (1993)). *Accord, State v. Chamblis,* 128 Ohio St.3d 507, 2011-Ohio-1785, 947 N.E.2d 651, ¶18 ("[T]he erroneous deprivation of a defendant's choice of counsel entitles him to an automatic reversal of his conviction.") In other words, a defendant who establishes that his right to counsel of choice was violated need not demonstrate prejudice in order to be entitled to relief, as a defendant claiming ineffective assistance of counsel is required to do. Id. *See also, Chambliss*, at ¶19. The importance of an opportunity to employ counsel of choice cannot be understated. In *Wheat v. United States* the Supreme Court reiterated,

[T]he Sixth Amendment provides protection for a criminal defendant's choice of counsel. More than 50 years ago, we stated that "[i]t is hardly necessary to say that, the right to counsel being conceded, a defendant should be afforded a fair opportunity to secure counsel of his own choice." *Powell v. Alabama,* 287 U.S. 45, 53, 53 S.Ct. 55, 58, 77 L.Ed. 158 (1932). This Court has reiterated this principle on frequent occasions. See, *e.g., Chandler v. Fretag,* 348 U.S. 3, 9, 75 S.Ct. 1, 4-5, 99 L.Ed. 4 (1954); *Glasser v. United States,* 315 U.S. 60, 70, 62 S.Ct. 457, 464-65, 86 L.Ed. 680 (1942). Our statements on this score stem largely from an appreciation that a primary purpose of the Sixth Amendment is to grant a criminal defendant effective control over the conduct of his defense. As this Court

previously has stated, the Sixth Amendment "grants to the accused personally the right to make his defense," because "it is he who suffers the consequences if the defense fails." *Faretta v. California,* 422 U.S. 806, 819-820, 95 S.Ct. 2525, 2533, 45 L.Ed.2d 562 (1975). An obviously critical aspect of making a defense is choosing a person to serve as an assistant and representative. In addition, lodging the selection of counsel with the defendant generally will promote the fairness and integrity of criminal trials. 486 U.S. 153, 165-166, 108 S.Ct. 1692, 100 L.Ed.2d 140(1988) (Marshall, J., dissenting)(disagreeing with the majority's suggestion that the trial court's decision as to whether a potential conflict justifies rejection of a defendant's chosen counsel is entitled to some kind of special deference on appeal and expressing belief that the "abuse of discretion" standard is not appropriate).

{¶31} In the case at bar, court-appointed counsel had diligently represented Beem from July 6, 2018 through February 27, 2019. However, Beem exercised her Sixth Amendment right by insisting that the trial court remove her court-appointed attorney, and informing the trial court of her ability and her intention to retain private counsel of her own choosing to represent her in this matter. Trial was continued from Febraury 26, 2019 until May 22, 2019 to accord Beem her right to retain counsel of her own choosing.

{¶32} The Supreme Court has emphasized, however, that the right to counsel of choice is "circumscribed in several important respects." *Wheat v. United States,* 486 U.S. 153, 159, 108 S.Ct. 1692, 100 L.Ed.2d 140 (1988). Indeed, there are four specific situations in which the Sixth Amendment does not entitle a defendant to preferred counsel: A defendant does not have the right to be represented by (1) an attorney he

cannot afford; (2) an attorney who is not willing to represent the defendant; (3) an attorney with a conflict of interest; or (4) an advocate (other than himself) who is not a member of the bar. *Id.*

{¶33} In addition, the Supreme Court, in *Gonzalez–Lopez,* explicitly upheld its previous holding in *Morris v. Slappy,* 461 U.S. 1, 11–12, 103 S.Ct. 1610, 75 L.Ed.2d 610 (1983), where the Court "recognized a trial court's wide latitude in balancing the right to counsel of choice ... against the demands of its calendar." *Gonzalez–Lopez,* 548 U.S. at 152. The trial court's difficult responsibility of assembling witnesses, lawyers and jurors for trial "counsels against continuances except for compelling reasons." *Morris,* 461 U.S. at 11.

{¶34} In the case at bar, the conflict between Beem and her appointed counsel stemmed primarily from counsel's failure to paint a rosy picture of Beem's chances for full exoneration at trial.  It appears that the same problem hindered Beem in her search for retained counsel.  In *State v. Cowans*, 87 Ohio St.3d 68, 1999-Ohio-250, 717 N.E.2d 298 (1999) the Court in discussing substitution of appointed counsel noted, "'A lawyer has a duty to give the accused an honest appraisal of his case. * * * Counsel has a duty to be candid; he has no duty to be optimistic when the facts do not warrant optimism." *Brown v. United States* (C.A.D.C.1959), 264 F.2d 363, 369 (en banc), *quoted in McKee v. Harris* (C.A.2, 1981), 649 F.2d 927, 932. "'If the rule were otherwise, appointed counsel could be replaced for doing little more than giving their clients honest advice.'" *McKee*, 649 F.2d at 932, *quoting McKee v. Harris* (S.D.N.Y.1980), 485 F.Supp. 866, 869." Id. at 73, 717 N.E.2d at 304-305.

{¶35} In the case at bar, no attorney filed an appearance or made a motion for substitution of counsel.  For the second time in this case, it was not until the morning of the day before trial was scheduled to begin that Beem informed the court that she was unable to hire an attorney. This is after the trial court had already granted Beem a continuance the morning before trial had been scheduled in February, and after Beem had assured the court that she intended to hire an attorney to represent her. At no time between Febraury 26, 2019 and May 22, 2019 did Beem inform the trial court that she could not find an attorney or that she was otherwise in need of appointed counsel to represent her.

{¶36} In the case at bar, the trial court need also balance the right to retain counsel of choice with the fact  that criminal defendants also enjoy the constitutional right to self-representation at trial provided that the right to counsel is knowingly, voluntarily, and intelligently waived after sufficient inquiry by the trial court. *State v. Johnson*, 112 Ohio St.3d 210, 2006-Ohio-6404, at ¶ 89. "If a trial court denies the right to self-representation, when properly invoked, the denial is per se reversible error." *State v. Cassano*, 96 Ohio St.3d 94, 2002-Ohio-3751, at ¶ 32, citing *State v. Reed*, 74 Ohio St.3d 534, 535, 1996-Ohio-21; *McKaskle v. Wiggins* (1984), 465 U.S. 168, 177.

{¶37} We note from a review of the files before this Court that Beem, pro se filed a "Notice to Court of Compliance with Discovery" on March 27, 2019. [Docket No. 80]. On May 6, 2019 Beem filed pro se an Affidavit of Disqualification with the Ohio Supreme Court seeking to disqualify the trial judge from presiding in this matter. [Docket No. 94 – 96].  Beem filed subpoenas for her trial witness, pro se, on May 7, 2019. [Docket No. 92]. On May 15, 2019, Beem filed a twelve-page motion with attachments in opposition to the

state's motion to quash subpoenas. [Docket No. 109].   On May 23, 2019, Beem filed additional subpoenas for trial witness. [Docket Nos 117 & 118]. On May 21, 2019, Beem filed pro se a Motion to Dismiss for Violation of Speedy Trial. [Docket No. 119].   At no time in any of the documents filed by Beem on her own behalf in the trial court did Beem inform the trial court that she was unable to retain counsel.   Nor did Beem request the trial court appoint counsel to represent her.   It would appear from a review of Beem's conduct prior to the May 21, 2019 hearing, that Beem was representing herself in this matter.

{¶38}   At the February 27, 2019 hearing to discharge her court-appointed attorney, Beem told the trial judge that she was hiring an attorney to represent her. PT. at 18.  She further informed the judge that she had "talked to three attorneys yesterday."  PT. at 18. Beem also told the judge that in talking with attorneys yesterday, one of their concerns was whether the judge would give them adequate time to prepare. PT. at 20.  Beem asked for 6 weeks, stating "two months would be definitely sufficient." PT. at 20-21.

{¶39}   During the May 21, 2019 hearing, Beem candidly told the trial judge, "I've already reached out to a group that gets out-of-area attorneys to handle appeals ---- and they'll charge me $4,500 for an appeal…And so I decided *from an economic standpoint I was better to do this pro se and save my money for appeal.*"  MT. at 40.  (Emphasis added). The fact that Beem could not find an attorney from Cleveland or Columbus to represent her does not in and of itself make her eligible for appointed counsel. MT. at 38-39.   Beem candidly admitted that she "talked to attorneys in Licking County that were probably good enough, but that "no one in this county wants it to come out that possibly all CPOs of all

CSPOs and some CPOs are not valid." MT. at 38-39. Further Beem indicated she, "would have no reputation in Franklin County…I have never had an issue in Franklin County."

{¶40} In *Tymcio*, the defendant, unlike Beem, made it clear that he had no cash on hand to hire an attorney, that he had inquired of several attorneys to represent him and that they refused to take the case without cash in hand. *State v. Tymcio*, 42 Ohio St.2d 39, 40(1975). Tymcio further indicated that he had made unsuccessful attempts to borrow against his retirement funds, but was unable to do so. Id. Additionally, Tymcio had never had court-appointed counsel before in his criminal case and his retained counsel was permitted to withdraw due to the appellant not paying him. Id. In the case at bar, Beem had appointed counsel that she discharged, she also had cash on hand and, a monthly income. In the case at bar, the record clearly indicates that Beem refused to consult any local attorneys because she felt they would be biased. Beem filed a new affidavit of indigency, which showed that she still had over $14,000 in the bank, as well as receiving over $2000 monthly in income. Beem never informed the court of her progress toward obtaining counsel until the day before trial. Beem continued to act pro se up to the May 21, 2019.

{¶41} Having made the inquiry required by *Tymcio,* the trial court reasonably concluded Beem was able to obtain counsel, but instead chose to unnecessarily delay the proceedings. *Cf. Tymcio*, 42 Ohio St.2d at 44, 325 N.E.2d 556; *State v. Westfall,* 12th Dist. Butler No. CA97-05-104, 1998 WL 314366 at *3.

{¶42} Beem next contends that she did not voluntarily waive her right to counsel. [Appellant's Brief at 13-14].

**ISSUE FOR APPEAL.**

*Did the trial court abuse its discretion by finding Beem voluntarily waived her right to counsel?*

{¶43} As the Ohio Supreme Court held in *State v. Wellman*, 37 Ohio St.2d 162, 309 N.E.2d 915(1974), "[p]resuming a waiver of the Sixth Amendment right of an accused to the assistance of counsel from a silent record is impermissible. The record must show, or there must be an allegation and evidence which shows, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not a waiver. (*Carnley v. Cochran*, 369 U.S. 506 [82 S.Ct. 884, 8 L.Ed.2d 70], followed.)" Id. at paragraph two of the syllabus.

{¶44} In all cases where the right to counsel is waived, the court "must make sufficient inquiry to determine whether defendant fully understands and intelligently relinquishes that right." *State v. Gibson*, 45 Ohio St.2d 366, 345 N.E.2d 399 (1976), paragraph two of the syllabus.

{¶45} In the case at bar, the trial court engaged in a proper colloquy with Beem. MT. at 41-46. Beem informed the court that she had prior experience with self-representation in civil cases. MT. at 44. The trial court indicated that he had no doubt concerning Beem's ability to represent herself. MT. at 44-45. As we have noted, Beem participated and filed motions, response and subpoena's in the case beginning in March 2019. Beem also filed an affidavit of disqualification in the Ohio Supreme Court. In addition, the trial court obtained a written waiver from Beem of her right to counsel. [Docket No. 125].

{¶46}  A defendant is not permitted to take advantage of a trial court "by claiming his right to counsel in order to frustrate or delay the judicial process." *State v. Hook,* 33 Ohio App.3d 101,103, 514 N.E.2d 721(10th Dist. 1986)*, citing State v. Wellman,* 37 Ohio St.2d 162, 309 N.E.2d 915(1974). "Thus, when a defendant refuses to take effective action to obtain counsel, and on the day of trial requests a continuance in order to delay the trial, the court may, under proper conditions, be permitted to infer a waiver of the right to counsel." *State v. Hook,* 33 Ohio App.3d 101,103, 514 N.E.2d 721(10th Dist. 1986)*, citing United States v. Terry*, 449 F.2d 727(5th Cir. 1971).  As the Court in *Higginbotham v. Louisiana* observed,

[C]ourts have found that a defendant's attempt to delay or otherwise derail the trial process, including postponing the retention of counsel, constitutes waiver of counsel. *See* Sarah Gerwig–Moore, *Gideon's Vuvuzela: Reconciling the Sixth Amendment's Promises with the Doctrines of Forfeiture and Implicit Waiver of Counsel*, 81 MSLJ 439, 453 (2012) (cataloguing various courts' approaches on the subject). For instance, in *U.S. v. Terry*, 449 F.2d 727 (5th Cir.1971), the Fifth Circuit rejected a defendant's right to counsel claim where the defendant failed to secure counsel within a reasonable time. The *Terry* court stated that the defendant's "freedom of choice of counsel may not be manipulated to subvert the orderly procedure of the courts or to interfere with the fair administration of justice." Id. The court stated further: "The defendant is incorrect in his assumption that the Sixth Amendment Rights have been newly wrapped in a climate which affords a defendant the right to obtain a

delay at his whim and caprice, or to obtain a reversal because he was unable to frustrate justice." Id. (citation omitted); *see also, King v. Bobby*, 433 F.3d 483, 485–86 (6th Cir.2006) (holding that, by rejecting all options other than proceeding pro se, the defendant effectively chose self-representation); *Spevak v. U.S.*, 158 F.2d 594, 596 (4th Cir.1947) ("It seems clear that an accused who is able to employ counsel and fails to do so after being afforded opportunity, thereby waives the right and may not urge lack of counsel as excuse for delay."); *cf. Neal v. Texas*, 870 F.2d 312, 315 (5th Cir.1989) ("After a defendant has been given a fair or reasonable opportunity to obtain counsel of choice, the decision to grant or deny a continuance to permit a further opportunity to do so rests within the broad discretion of the trial court."). With all of that said, the United States Supreme Court has not addressed the constitutionality of implicit waiver of the right to counsel via dilatory, uncooperative, or manipulative behavior.

W.D. Louisiana No. 3:13-CV-2561, 2014 WL 1764535 at *16 (Footnotes omitted); *Accord, State v. Taylor,* 3rd Dist. Seneca No. 13-12-35, 2013-Ohio-1300, ¶20-27(analyzing cases); *State v. Harris,* 6th Dist. Erie No. E-02-019, 2003-Ohio-5190, ¶23; ¶25.

{¶47} In the case at bar, the trial court gave Beem a reasonable time to secure counsel of her personal choice. It is equally clear that she was financially able to retain counsel. She fired her court appointed counsel and assured the trial court that she was hiring a private attorney. In spite of the fact that her request was made on the day before trial was to begin in February 2019, she asked for and was granted a reasonable

continuance in order to hire counsel. She thereafter proceeded to act pro se in the days leading up to the May 2019 trial date.

{¶48} In these circumstances, her failure to retain counsel was properly considered by the court as a circumstance supporting a waiver of her right to counsel. Beem's freedom of choice of counsel may not be manipulated to subvert the orderly procedure of the courts or to interfere with the fair administration of justice.

{¶49} The trial court properly found that Beem had voluntarily waived her right to counsel in the case at bar.

{¶50} Beem's sole Assignment of Error is overruled. The judgment of the Licking County Court of Common Pleas is affirmed.


By Gwin, P.J.,

Wise, John, J., and

Delaney, concur