[Cite as *State v. Oliver*, 2018-Ohio-602.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                              :

      Plaintiff-Appellee,           :              No. 17AP-195
                                                          (C.P.C. No. 16CR-4067)
v.                                          :
                                                          (REGULAR CALENDAR)
Charles Oliver,                             :

      Defendant-Appellant.          :

---

D E C I S I O N

Rendered on February 15, 2018

---

**On brief**: *Ron O'Brien*, Prosecuting Attorney, and *Laura R. Swisher*, for appellee.

**On brief**: *Barnhart Law Office, LLC*, and *Robert B. Barnhart*, for appellant.

---

APPEAL from the Franklin County Court of Common Pleas

BROWN, P.J.

{¶ 1} Charles Oliver, defendant-appellant, appeals the judgment of the Franklin County Court of Common Pleas, in which the court found him guilty of kidnapping with a firearm specification, a violation of R.C. 2905.01 and a first-degree felony, and felonious assault with a firearm specification, a violation of R.C. 2903.11 and a second-degree felony.

{¶ 2} The facts underlying the crimes in this case are not relevant to the issues on appeal. Generally, on July 28, 2016, appellant was indicted on one count of kidnapping and one count of felonious assault, each carrying a three-year firearm specification. The victim was his ex-girlfriend ("the victim").

{¶ 3} On August 1, 2016, appellant retained his first attorney. On January 18, 2017, that attorney moved to withdraw as counsel based on an accusation by the victim that he had given her money not to testify against appellant. The court granted the motion and appointed Robert Krapenc to represent appellant.

{¶ 4} On February 13, 2017, the case was scheduled for a jury trial. Appellant requested a continuance, asserting he wanted to hire his own attorney. A conversation regarding appellant's request ensued between appellant and the trial judge, which we will detail in our discussion of appellant's assignment of error. In the end, the trial court denied appellant's request, believing appellant was delaying his trial hoping that the victim, who was in jail at that time, would be released by the next trial date and become "lost" and unavailable to testify. Subsequently, a jury convicted appellant of the charged offenses, and the trial court sentenced appellant to a total of 12 years in prison. Appellant appeals the judgment of the trial court, asserting the following assignment of error:

> THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S MOTION FOR A CONTINUANCE TO SECURE HIS OWN COUNSEL.

{¶ 5} Appellant argues in his sole assignment of error the trial court erred when it denied his request for a continuance in order to obtain trial counsel of his own choosing. In general, "[t]he right to counsel of one's choice is an essential element of the Sixth Amendment right to have the assistance of counsel for one's defense." *State v. Frazier*, 8th Dist. No. 97178, 2012-Ohio-1198, ¶ 26, citing *State v. Keenan*, 8th Dist. No. 89554, 2008-Ohio-807. This includes the right, when a defendant has the ability to retain his own attorney, to be represented by counsel of choice. *United States v. Gonzalez-Lopez*, 548 U.S. 140, 144 (2006). However, the right to retained counsel of choice "is not absolute, * * * and courts have 'wide latitude in balancing the right to counsel of choice against the needs of fairness and against the demands of its calendar.' " *Frazier* at ¶ 26, quoting *Gonzalez-Lopez* at 152. In this respect, a trial court's "difficult responsibility of assembling witnesses, lawyers and jurors for trial 'counsels against continuances except for compelling reasons.' " *State v. Howard*, 5th Dist. No. 2012CA00061, 2013-Ohio-2884, ¶ 40, quoting *Morris v. Slappy*, 461 U.S. 1, 11 (1983). Accordingly, "decisions relating to the substitution of counsel are within the sound discretion of the trial court." *Frazier* at ¶ 26, citing *Wheat v. United States*, 486 U.S. 153, 159 (1988).

{¶ 6}   "The grant or denial of a continuance is a matter which is entrusted to the broad, sound discretion of the trial judge. An appellate court must not reverse the denial of a continuance unless there has been an abuse of discretion." *State v. Unger*, 67 Ohio St.2d 65, 67 (1981). In assessing whether the trial court abused its discretion in denying appellant's request for a continuance, we consider: (1) the length of the delay requested, (2) whether other continuances have been requested and received, (3) the inconvenience to litigants, witnesses, opposing counsel, and the court, (4) whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived, (5) whether appellant contributed to the circumstance which gives rise to the request for a continuance, and (6) other relevant factors, depending on the unique facts of each case. *Id.* at 67-68.

{¶ 7}   The United States Supreme Court has stated "[t]here are no mechanical tests for deciding when a denial of a continuance is so arbitrary as to violate due process. The answer must be found in the circumstances present in every case, particularly in the reasons presented to the trial judge at the time the request is denied." *Ungar v. Sarafite*, 376 U.S. 575, 589 (1964).

{¶ 8}   In the present case, appellant made his request for a continuance to obtain counsel on the day of trial. "[W]hen the timing of a request for new counsel is an issue, a trial court may make a determination as to whether the appellant's request for new counsel was made in bad faith." *Frazier* at ¶ 27, citing *State v. Graves*, 9th Dist. No. 98CA007029 (Dec. 15, 1999).  It has been held that "[a] motion for new counsel made on the day of trial 'intimates such motion is made in bad faith for the purposes of delay.' " *Id.*, quoting *State v. Haberek*, 47 Ohio App.3d 35, 41 (8th Dist.1988).

{¶ 9}   Here, appellant presents several arguments to support his contention the trial court abused its discretion when it refused to grant his request for a continuance to hire his own counsel in place of appointed counsel. Appellant first contends his newly appointed counsel, Krapenc, had been appointed less than one month before the trial, and the case concerned two serious felony counts. Appellant points out the first day of trial was the first hearing during which he and Krapenc were before the court together. Furthermore, appellant contends the trial court did not conduct an adequate inquiry into appellant's concerns about Krapenc.  Finally, appellant argues the public concerns for

prompt administration of justice are not impacted in the present case because Krapenc had less than one month to prepare for the case, and a brief continuance would not have meaningfully impacted the timeline of the case or resulted in any significant wasted time and effort by his current counsel.

{¶ 10} On the date of trial, appellant told the trial judge that some money had become available and he wished to hire his own counsel. He indicated he thought he would fare better with his own lawyer. He admitted, however, that he had not communicated with any new attorneys. The trial judge reminded appellant that, the last time he was before the court, appellant expressed a desire for a fast and speedy trial. The judge confirmed with the prosecutor for the State of Ohio, plaintiff-appellee, that there was still a plea offer of three years imprisonment and explained to appellant that his request for continuance would be denied, and the plea offer would be maintained until the commencement of trial in a few hours. Appellant reiterated he believed he should have the right to hire his own attorney, he had only spoken to his current counsel for 30 minutes, and he did not believe he was being represented fairly. The trial judge reminded appellant that, three weeks earlier, when his prior counsel withdrew, appellant did not want to delay trial. The trial judge pointed out that three weeks ago the victim was not in custody but was now in jail. The judge stated it appeared the reason appellant was now asking for a continuance was not because he wanted a new attorney but, instead, he hoped the victim's jail sentence would run out and she would get "lost" again. The court found that appellant's request for a continuance was a dilatory tactic to obstruct the process of trial. The court told appellant that Krapenc was one of the best attorneys in Columbus, and he could either continue with Krapenc, represent himself, or take the plea offer. The trial judge then adjourned court for several hours.

{¶ 11} When the case was called again, appellant again asserted his trial counsel was not prepared for trial arguing that he had requested a bill of particulars, a criminal history of the victim, and other documents that his attorney failed to provide. Appellant's counsel, Krapenc, responded that he had reviewed the victim's criminal history with appellant but did not believe it was proper to give him a copy of such. Krapenc also stated he had received discovery and the prosecutor's evidence and reviewed it with appellant. Krapenc said he was prepared for trial and did not believe the case was complicated. The

court noted appellant had filed an affidavit of indigency, had not indicated any ability to pay his own counsel, and had not talked to any potential attorneys.

{¶ 12} After reviewing the transcript from the trial court, we cannot find the trial court abused its discretion when it denied appellant's request for a continuance so he could hire his own counsel. The factors relevant to both a request for continuance and request to hire private counsel weigh heavily against appellant. With regard to timing, appellant requested his continuance and new counsel on the day of trial; about two hours before a jury pool was to be called. The trial court also believed appellant desired the continuance as a delay tactic, hoping the victim would be released from jail in the interim and become unavailable to testify against him. The court noted when appellant's former counsel moved to withdraw three weeks prior, appellant expressed his strong desire to have the case heard quickly, and, at that time, the victim was not in custody. To buttress its belief that appellant was merely using the request for continuance and new counsel as a delay tactic, the court noted it was suspect that appellant claimed to be indigent but was now claiming money had become available to pay for private counsel. Appellant's former private counsel had previously told the court that appointment of counsel would be necessary because appellant's mother could no longer pay him. Additionally, the trial court pointed out appellant had not contacted any attorneys regarding representation and did not have any names of potential counsel.  Also, despite appellant's claims that his new counsel, Krapenc, was not prepared for trial, Krapenc informed the court he was prepared for trial, the case was not very difficult, he had already reviewed discovery with appellant, and he had already discussed with the prosecutor the evidence to be produced at trial.

{¶ 13} Furthermore, appellant's contention the trial court did not adequately inquire about his reasons for desiring new counsel is unfounded. Appellant clearly and extensively explained his reasons to the court for wanting private counsel. Appellant told the trial judge he thought he would fare better with his own lawyer, he had only spoken to his current counsel for 30 minutes, he did not believe he was being represented fairly, and his trial counsel was not prepared for trial. The record is clear the trial court knew appellant's reasons for wanting to hire private counsel, and it is equally clear the trial court did not believe appellant's reasons were valid.

{¶ 14} Therefore, on review, we find the trial court did not abuse its discretion when it refused to delay appellant's trial to allow him time to hire private counsel. For these reasons, appellant's assignment of error is without merit and is overruled.

{¶ 15} Accordingly, we overrule appellant's single assignment of error and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

KLATT and HORTON, JJ., concur.

_____