[Cite as *State v. Stevens*, 2021-Ohio-1156.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. CT2020-0010 |
| | : | |
| TRENT STEVENS | : | |
| | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Muskingum County
                            Court of Common Pleas, Case No.
                            CR2019-0588



JUDGMENT:                    AFFIRMED



DATE OF JUDGMENT ENTRY:      April 5, 2021



APPEARANCES:

For Plaintiff-Appellee:                For Defendant-Appellant:

D. MICHAEL HADDOX                      JAMES ANZELMO
MUSKINGUM COUNTY PROSECUTOR            446 Howland Dr.
                                       Gahanna, OH 43230
TAYLOR P. BENNINGTON
27 North 5th Street
P.O. Box 189
Zanesville, OH 43701


*Delaney, J.*

{¶1} Defendant-Appellant Trent Stevens appeals his January 23, 2020 conviction and sentence for aggravated burglary and possession of drugs and the February 6, 2020 judgment entry denying his motion to waive mandatory fines by the Muskingum County Court of Common Pleas.

## FACTS AND PROCEDURAL HISTORY

{¶2} On October 9, 2019, the Muskingum County Grand Jury indicted Defendant-Appellant Trent Stevens on one count of aggravated burglary with a repeat violent offender specification, a first-degree felony in violation of R.C. 2911.11(A)(1) and R.C. 2941.149, and one count of possession of drugs (methamphetamine), a second-degree felony in violation of R.C. 2925.11(A).

{¶3} Stevens entered a plea of not guilty to the charges and the matter was set for a jury trial on January 21, 2020. The trial court found Stevens indigent and appointed Keith Edwards as Stevens' trial counsel.

{¶4} The State filed a Motion for Material Witness Warrant. The State requested the arrest of D.H., a direct witness to the alleged crimes committed by Stevens. D.H. had been personally served with a subpoena to testify before the Grand Jury but had failed to appear. D.H. was located and arrested in Morgan County on a warrant in a companion case. It was believed that D.H. fled to Morgan County after being told by Stevens that it would be a "good idea" if he went on the run until the case against Stevens was over.

{¶5} On January 15, 2020, attorney Louis Friscoe, a private attorney, filed a Notice of Substitution of Counsel to replace Keith Edwards, Stevens' appointed counsel. Friscoe simultaneously filed a Motion for Bill of Particulars and Demand for Discovery.

{¶6} Also, on January 15, 2020, the trial court held a hearing on the State's Motion for Material Witness Warrant. D.H. acknowledged he failed to appear after being served with subpoenas and had taken specific measures to avoid appearing for court

obligations. The trial court granted the motion and the trial court set a bond for the appearance of D.H. at $500,000 cash, property, or surety. D.H. did not post the bond and he was incarcerated.

{¶7} On January 17, 2020, the trial court convened a hearing on the Notice of Substitution of Counsel. Stevens, attorney Louis Friscoe, attorney Keith Edwards, and the State appeared for the hearing. The trial court first found the Motion for Bill of Particulars and Demand for Discovery filed on January 15, 2020 were outside of the deadlines established by the pretrial orders. The trial court next doubted Friscoe could be prepared for trial scheduled on January 21, 2020. Friscoe explained that an attorney representing Stevens on another case asked Friscoe to take this case. (T. 4). Without first checking with the appointed counsel, Friscoe went to CRC and spoke with Stevens. Friscoe had spoken with Stevens' family. (T. 4). Edwards found out on January 16, 2020 that Friscoe had been to CRC to speak with Stevens, and he did not approve the Notice of Substitution of Counsel. (T. 12). Edwards was prepared for trial. (T. 13).

{¶8} When the trial court asked Friscoe what Stevens was charged with, Friscoe answered, "aggravated burglary, a felonious assault, and a possession drug offense." (T. 8). The trial court corrected Friscoe that Stevens was only charged with two counts. (T. 8). The trial court asked Friscoe what kind of time Stevens was facing. (T. 8). Friscoe said that Stevens indicated he was facing over 20 years. (T. 8). The trial court corrected Friscoe that Stevens was facing 20 years on just the first count. With a specification as to the first count, "[h]e's facing 21, plus a tail of five-and-a-half. And the other one is an F2, mandatory time up to eight years. Which makes it 34-and-a-half is what he's facing." (T. 8).

{¶9} Stevens argued that he wanted Friscoe to be his attorney because he was prepared for trial and had interviewed his witness. (T. 10). Friscoe had already been paid $15,000. (T. 10).

{¶10} The trial court stated it could not permit Friscoe to try the case scheduled for January 21, 2020 for multiple reasons, including malpractice, the ethical rules, and a possible error on appeal. (T. 9). The trial court also could not continue the trial because a witness was in jail waiting to testify. (T. 9).

{¶11} The jury trial commenced on January 21, 2020. On January 22, 2020, the parties appeared before the trial court stating that Stevens had chosen to withdraw his not guilty plea and instead plead guilty to an amended charge of aggravated robbery, a first-degree felony in violation of R.C. 2911.11(A)(1) and possession of drugs (methamphetamine), a second-degree felony in violation of R.C. 2925.11(A). (T. 272). The plea form signed by Stevens stated in pertinent part:

> Upon a plea of "guilty" to Count One of the indictment, as amended; and Count Two as contained in the indictment, the parties agree to a joint recommendation that Defendant be sentenced to six (6) years in prison, to be served consecutively to the prison sentence Defendant is currently serving. There is no restitution owing in regard to this matter. The State agrees to dismiss the Repeat Violent Offender Specification ONLY as contained in Count One of the indictment at the time of sentencing.
>
> Defendant agrees that he is satisfied with the representation of this current counsel and waives any appeal related to his previous request for a change of counsel.

(Plea of Guilty, Jan. 22, 2020).

{¶12} The trial court conducted the plea colloquy. The State recited the facts giving rise to the charges. In 2019, Stevens was serving a prison sentence and while he was in prison, Stevens' brother, Ri.S. liquidated some of Stevens' property. (T. 284). The liquidation of the property and a conflict over drug distribution caused a dispute between

Stevens and Ri.S. When Stevens got out of prison, it was known he was angry with Ri.S. and Rh.S. On August 1, 2019, Ri.S. and Rh.S. were staying with J.U. to hide from Stevens. After a night drinking with cohorts, Stevens learned where Ri.S. and his wife were staying. At 3:00 a.m., Stevens and his cohorts drove to J.U.'s home in a minivan. They kicked in the door to the home and found Ri.S. and Rh.S. sleeping in an upstairs bedroom. Rh.S. ran out of the house. Stevens and his other brother, S.S. started beating Ri.S. in the closet of the bedroom. Ri.S. escaped the closet and Stevens chased him out of the house. (T. 285).

{¶13} After Stevens left, J.U. closed the door to the home and called 911. Stevens came back into the home and yelled at J.U. to find out the location of Rh.S. S.S. convinced Stevens to leave the home and return to the minivan. When Stevens got into the van, he had a white plastic bag that contained two bags of methamphetamine. He gave the bag to D.H. and D.H. shoved the two bags of drugs into the seats of the minivan. The police arrived on the scene and apprehended the minivan. (T. 287).

{¶14} After the plea colloquy, the trial court accepted Stevens' plea of guilty. (T. 289). The trial court followed the joint recommendation of the parties and imposed a minimum mandatory six-year prison term and an aggregate indefinite maximum prison term of nine years. The trial court also imposed a mandatory fine of $7,500.00. The sentencing entry was filed on January 23, 2020.

{¶15} On January 22, 2020, Stevens filed a Motion to Waive Mandatory Fines pursuant to R.C. 2929.18(B)(1). Stevens argued he filed an affidavit of indigency on October 8, 2019. At the hearing for substitution of counsel, there was discussion that he paid $15,000 to retain private counsel, but Stevens argued in his motion that his family paid for private counsel, not Stevens.

{¶16} On February 6, 2020, the trial court denied the motion to waive mandatory

fines because Stevens had stated the money to hire the private attorney was his.

{¶17} Stevens now appeals the January 23, 2020 sentencing entry and the February 6, 2020 judgment entry.

**ASSIGNMENTS OF ERROR**

{¶18} Stevens raises four Assignments of Error:

{¶19} "I. STEVENS WAS DENIED HIS RIGHT TO BE REPRESENTED BY PRIVATE COUNSEL, IN VIOLATION OF HIS RIGHTS UNDER THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

{¶20} "II. AS AMENDED BY THE REAGAN TOKES ACT, THE REVISED CODE'S SENTENCES FOR FIRST AND SECOND DEGREE QUALIFYING FELONIES VIOLATES THE CONSTITUTIONS OF THE UNITED STATES AND THE STATE OF OHIO.

{¶21} "III. TRENT STEVENS RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL, IN VIOLATION OF THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION.

{¶22} "IV. THE TRIAL COURT ERRED IN DENYING STEVENS' MOTION TO WAIVE THE MANDATORY FINE."

**ANALYSIS**

**I.**

{¶23} In his first Assignment of Error, Stevens contends the trial court deprived him of his Sixth Amendment right to be represented by private counsel. We disagree.

{¶24} The Sixth Amendment to the U.S. Constitution provides that, "[i]n all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defense." This right "guarantees a defendant the right to be represented by an otherwise qualified attorney whom that defendant can afford to hire, or who is willing to

represent the defendant even though he is without funds." *Caplin & Drysdale, Chartered v. United States*, 491 U.S. 617, 624-25, 109 S.Ct. 2646, 105 L.Ed.2d 528 (1989). A criminal defendant who desires and is financially able to retain his own counsel "should be afforded a fair opportunity to secure counsel of his own choice." *State v. Beem*, 5th Dist. Licking No. 2019CA00062, 2020-Ohio-2964, ¶ 29 quoting *Powell v. Alabama*, 287 U.S. 45, 53, 53 S.Ct. 55, 77 L.Ed. 158 (1932).

{¶25} However, the right to retained counsel of choice "is not absolute, * * * and courts have 'wide latitude in balancing the right to counsel of choice against the needs of fairness and against the demands of its calendar.'" *State v. Oliver*, 2018-Ohio-602, 106 N.E.3d 300, ¶ 5 (10th Dist.) quoting *State v. Frazier*, 8th Dist. Cuyahoga No. 97178, 2012-Ohio-1198, ¶ 26, quoting *United States v. Gonzalez–Lopez,* 548 U.S. 140, 152, 126 S.Ct. 2557, 165 L.Ed.2d 409 (2006). In this respect, a trial court's "difficult responsibility of assembling witnesses, lawyers and jurors for trial 'counsels against continuances except for compelling reasons.'" *State v. Howard*, 5th Dist. Stark No. 2012CA00061, 2013-Ohio-2884, ¶ 40, quoting *Morris v. Slappy*, 461 U.S. 1, 11, 103 S.Ct. 1610, 75 L.Ed.2d 610 (1983). Accordingly, "decisions relating to the substitution of counsel are within the sound discretion of the trial court." *Frazier* at ¶ 26, citing *Wheat v. United States*, 486 U.S. 153, 159, 108 S.Ct. 1692, 100 L.Ed.2d 140 (1988).

{¶26} In this case, we find no abuse of discretion for the trial court to deny the substitution of counsel. First, Stevens waived the appeal of this issue in his plea agreement. On January 22, 2020, Stevens made the following plea agreement:

> Defendant agrees that he is satisfied with the representation of this current
> counsel and waives any appeal related to his previous request for a change
> of counsel.

(Plea of Guilty, Jan. 22, 2020). Stevens argues the trial court failed to discuss his waiver during the plea colloquy. During the plea colloquy, the trial court asked Stevens, "Are you

satisfied with the advice and help that Mr. Edwards has given you in this matter?" (T. 280). Stevens answered in the affirmative. (T. 280).

{¶27} Stevens is correct when he states the United States Supreme Court has held "that erroneous deprivation of the right to counsel of choice, 'with consequences that are necessarily unquantifiable and indeterminate, unquestionably qualifies as "structural error." ' " *United States v. Gonzalez–Lopez*, 548 U.S. 140, 150, 126 S.Ct. 2557, 165 L.Ed.2d 409 (2006) (quoting *Sullivan v. Louisiana*, 508 U.S. 275, 282, 113 S.Ct. 2078, 124 L.Ed.2d 182 (1993)). *Accord, State v. Chamblis*, 128 Ohio St.3d 507, 2011-Ohio-1785, 947 N.E.2d 651, ¶ 18 ("[T]he erroneous deprivation of a defendant's choice of counsel entitles him to an automatic reversal of his conviction.") In other words, a defendant who establishes that his right to counsel of choice was violated need not demonstrate prejudice to be entitled to relief, as a defendant claiming ineffective assistance of counsel is required to do. *Id.*; *See also, Chambliss*, at ¶ 19.

{¶28} The Court in *Gonzalez-Lopez*, however, explicitly upheld its previous holding in *Morris v. Slappy*, 461 U.S. 1, 11–12, 103 S.Ct. 1610, 75 L.Ed.2d 610 (1983), where the Court "recognized a trial court's wide latitude in balancing the right to counsel of choice ... against the demands of its calendar." *State v. Beem*, 5th Dist. Licking No. 2019CA00062, 2020-Ohio-2964, ¶ 33 quoting *Gonzalez–Lopez*, 548 U.S. at 152.

{¶29} In this case, the Notice of Substitution of Counsel was filed on January 15, 2020, five days before the jury trial was scheduled to start on January 21, 2020. With the Notice of Substitution of Counsel, the attorney filed a Demand for Discovery and Request for Bill of Particulars outside of the time permitted by the pretrial order. The trial court questioned Friscoe and found that he had spoken to Stevens without his counsel's permission, Friscoe was mistaken as to the charges against Stevens, and he was mistaken as to the possible prison time Stevens was facing if convicted. The trial court stated it could not continue the trial to allow Friscoe to prepare because a material witness

was incarcerated and would remain in jail until trial.

{¶30} The transcript of the hearing on January 17, 2020 reflects that the trial court heard the concerns of Stevens and understood that Friscoe was his counsel of choice. The trial court was required to balance the right to counsel of choice against the needs of fairness and against the demands of its calendar. The trial court stated that to permit Friscoe to proceed as counsel at the late stage of the proceedings would invite error and possible malpractice. (T. 9). The demands of the trial court's calendar due to an incarcerated material witness prevented the trial court from continuing the trial date. (T. 9). We find no abuse of discretion by the trial court when it denied the substitution of counsel.

{¶31} Stevens' first Assignment of Error is overruled.

**II.**

{¶32} Stevens argues in his second Assignment of Error that his sentence should be vacated due the unconstitutionality of the Reagan Tokes Act.

{¶33} This Court has analyzed appeals of sentences imposed pursuant to the Reagan-Tokes Act. *State v. Downard*, 5th Dist. Muskingum No. CT2019-0079, 2020-Ohio-4227; *State v. Kibler*, 5th Dist. Muskingum No. CT2020-0026, 2020-Ohio-4631; *State v. Cochran*, 5th Dist. Licking No. 2019 CA 00122, 2020-Ohio-5329; *State v. Kimes*, 5th Dist. Delaware No. 20 CAA 03 0015, 2021-Ohio-650; *State v. Buckner*, 5th Dist. Muskingum Nos. CT2020-0023 & CT2020-0024, 2020-Ohio-7017; *State v. Wolfe*, 5th Dist. Licking No. 2020CA00021, 2020-Ohio-5501; *State v. Clark*, 5th Dist. Licking No. 2020 CA 00017, 2020-Ohio-5013; *State v. Manion*, 5th Dist. Tuscarawas No. 2020 AP 03 0009, 2020-Ohio-4230; and *State v. Doughty*, 5th Dist. Perry No. 20-CA-00001, 2021-Ohio-651; *contra State v. Wolfe,* 5th Dist., Licking No. 2020 CA 00021, 2020-Ohio-5501 (Gwin, J., dissenting).

{¶34} In these cases, we considered the legal concept of "ripeness for review." The Ohio Supreme Court discussed the concept of ripeness for review in *State ex rel. Elyria Foundry Co. v. Indus. Comm.*, 82 Ohio St.3d 88, 1998-Ohio-366, 694 N.E.2d 459:

> Ripeness "is peculiarly a question of timing." *Regional Rail Reorganization Act Cases* (1974), 419 U.S. 102, 140, 95 S.Ct. 335, 357, 42 L.Ed.2d 320, 351. The ripeness doctrine is motivated in part by the desire "to prevent the courts, through avoidance of premature adjudication, from entangling themselves in abstract disagreements over administrative policies * * *." *Abbott Laboratories v. Gardner* (1967), 387 U.S. 136, 148, 87 S.Ct. 1507, 1515, 18 L.Ed.2d 681, 691. As one writer has observed:
>
> The basic principle of ripeness may be derived from the conclusion that 'judicial machinery should be conserved for problems which are real or present and imminent, not squandered on problems which are abstract or hypothetical or remote.' * * * [T]he prerequisite of ripeness is a limitation on jurisdiction that is nevertheless basically optimistic as regards the prospects of a day in court: the time for judicial relief is simply not yet arrived, even though the alleged action of the defendant foretells legal injury to the plaintiff. Comment, Mootness and Ripeness: The Postman Always Rings Twice (1965), 65 Colum. L.Rev. 867, 876. *4 Id.* at 89, 694 N.E.2d at 460.

*Downard*, at ¶¶ 8-9.

{¶35} We found those appellants' appeals of the constitutionality of the Reagan-Tokes Act were not ripe for review. "* * * [W]hile R.C. 2967.271 allows the DRC to rebut the presumption Appellant will be released after serving his **** minimum sentence and potentially  continue his incarceration to a term not [exceeding the maximum time],

Appellant has not yet been subject to such action by the DRC, and thus the constitutional issue is not yet ripe for our review." *Downard*, at ¶ 11. We determined the appropriate action for the appellant was "to challenge the constitutionality of the presumptive release portions of R.C. 2967.271 is by filing a writ of habeas corpus if he is not released at the conclusion of his eight-year minimum term of incarceration." *Downard*, at ¶ 12.

{¶36} We find that the issues presented in the current case are identical to those in *Downard*, et al. Stevens was sentenced to an indefinite prison term of a minimum term of six years and a maximum term of nine years. There is no dispute that Stevens has not yet been subject to R.C. 2967.271, which allows the DRC to rebut the presumption that he will be released after serving his six-year minimum sentence and potentially continuing his incarceration to a term not exceeding nine years. The constitutional issues argued by Stevens are not yet ripe for review.

{¶37} We note that the Ohio Supreme Court has accepted a certified conflict on the issue of whether the constitutionally of the Reagan Tokes Act is ripe for review on direct appeal or only after the defendant has served the minimum term and been subject to extension by application of the Act. *See, State v. Maddox*, 6th Dist. Lucas No. L-19-1253, 2020-Ohio-4702, order to certify conflict allowed, *State v. Maddox*, 160 Ohio St.3d 1505, 2020-Ohio-6913, 159 N.E.3d 1150 (Table); *State v. Downard*, 5th Dist. Muskingum No. CT2019-0079, 2020-Ohio-4227, appeal accepted on Appellant's Proposition of Law No. II, *State v. Downard*, 160 Ohio St.3d 1507, 2020-Ohio-6835, 159 N.E.3d 1507 (Table) (Sua sponte, cause held for the decision in 2020-1266, *State v. Maddox*).

{¶38} The second Assignment of Error is overruled.

### III.

{¶39} In his third Assignment of Error, Stevens contends his trial counsel was ineffective for his failure to raise the unconstitutionality of the Reagan Tokes Act to the

trial court. We disagree.

{¶40} A properly licensed attorney is presumed competent. *State v. Hamblin*, 37 Ohio St.3d 153, 524 N.E.2d 476 (1988). Therefore, to prevail on a claim of ineffective assistance of counsel, Stevens must show counsel's performance fell below an objective standard of reasonable representation and but for counsel's error, the result of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674(1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989). In other words, Stevens must show counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result. *Id.*

{¶41} For the reasons stated in our discussion of Stevens' second Assignment of Error, the issue of the constitutionality of the Reagan Tokes Act is not yet ripe for review, and therefore Stevens has not shown a reasonable probability of a change in the outcome had counsel raised the issue in the trial court. *See State v. Beatty*, 5th Dist. Muskingum No. CT2020-0015, 2021-Ohio-355, ¶¶ 53-54.

{¶42} Stevens' third Assignment of Error is overruled.

**IV.**

{¶43} In his final Assignment of Error, Stevens challenges the trial court's imposition of the mandatory $7,500.00 fine, arguing it failed to consider his ability to pay the fine. We disagree.

{¶44} We review a decision to impose a financial sanction for an abuse of discretion. *State v. Ludwig*, 5th Dist. Muskingum No. CT2020-0008, 2021-Ohio-383, ¶ 22 citing *State v. Gipson*, 80 Ohio St.3d 626, 634, 687 N.E.2d 750 (1998). To find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary, or unconscionable and not merely an error of law or judgment. *Blakemore v. Blakemore*, 5

Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶45} R.C. 2929.18(B)(1) establishes a procedure for avoiding imposition of mandatory fines applicable to certain felony drug offenses. That section provides:

If an offender alleges in an affidavit filed with the court prior to sentencing that the offender is indigent and unable to pay the mandatory fine and if the court determines the offender is an indigent person and is unable to pay the mandatory fine described in this division, the court shall not impose the mandatory fine upon the offender.

{¶46} This Court addressed a trial court's duties when imposing a financial sanction in *State v. Perry*, 5th Dist. Stark No. 2004-CA-00066, 2005-Ohio-85:

" '[T]here are no express factors that must be taken into consideration or findings regarding the offender's ability to pay that must be made on the record.' *State v. Martin*, 140 Ohio App.3d 326, 338, 747 N.E.2d 318, 2000-Ohio-1942. Although a court may hold a hearing under R.C. 2929.18(E) 'to determine whether the offender is able to pay the [financial] sanction or is likely in the future to be able to pay it,' a court is not required to do so. *State v. Stevens* (Sept. 21, 1998), 12th Dist. No. CA98-01-001, unreported ('although the trial court must consider the offender's ability to pay, it need not hold a separate hearing on that issue'). 'All that R.C. 2929.19(B)(6) requires is that the trial court consider the offender's present and future ability to pay.' *State v. Dunaway*, 12th Dist. No. CA2001-12-280, 2003- Ohio-1062, at 36; *Martin*, 140 Ohio App.3d at 33, 746 N.E.2d 642 (Emphasis [original])."

*Id.* at *4-5.

*Perry* at ¶ 28.

{¶47} The statute places the burden "upon the offender to affirmatively demonstrate that he or she is indigent and is unable to pay the mandatory fine."

(Emphasis original) *State v. Gipson,* 80 Ohio St.3d 626, 635, 687 N.E.2d 750 (1998). Additionally, a trial court need not affirmatively find that an offender is able to pay. *Id.* Instead, the fine is mandatory unless the offender establishes current indigence and an inability to pay. *Id.*

{¶48} In his motion to waive mandatory fines, Stevens stated that he swore out an affidavit on indigency on October 8, 2019. He was unemployed and disabled. Stevens contended that during the hearing on the notice of substitution of counsel Stevens referenced his private attorney and his $15,000 paid to the private attorney, Stevens was referring to money paid by his family to hire the private attorney. He argues if the $15,000 was refunded, the funds belonged to his family and he had no access to it. The trial court denied the motion because "Defendant claims money used to 'hire the other attorneys was his.'" (Judgment Entry, Feb. 6, 2020).

{¶49} At the January 17, 2020 hearing, Stevens stated as to the funds to hire the private attorney:

> THE DEFENDANT: * * * I want to be – it to be known that if the Court should deny Mr. Friscoe as my attorney, when my family paid a substantial amount of money, too, that it would be a violation of my Sixth Amendment right as a US citizen. Thank you.
>
> * * *
>
> THE DEFENDANT: Who is paying my 15,000 back, Your Honor?
>
> * * *
>
> THE DEFENDANT: I paid you to be my attorney.
>
> * * *
>
> THE DEFENDANT: * * * I – I feel that I should be able to have the attorney that I paid for if – if I'm dealing with my own life, 20-some years.

(T. 10-16).

{¶50} Stevens made contradictory statements to the trial court as to whether he or his family provided the $15,000 to pay a private attorney. While Stevens filed an affidavit of indigency, we find Stevens did not meet his burden to affirmatively demonstrate he was indigent and was unable to pay the mandatory fine. The trial court did not abuse its discretion in denying the motion to waive mandatory fines.

{¶51} Stevens' fourth Assignment of Error is overruled.

## CONCLUSION

{¶52} The judgment of the Muskingum County Court of Common Pleas is affirmed.

By: Delaney, J., and

Hoffman, J. concur; and

Gwin, P.J., concurs in part
and dissents in part.

*Gwin, P.J., concurs and dissents*

{¶53} I respectfully dissent from the majority's opinion concerning ripeness and Appellant's Second and Third Assignments of Error for the reasons set forth in my dissenting opinion in *State v. Wolfe,* 5th Dist., Licking No. 2020 CA 00021, 2020-Ohio-5501. I concur in the majority's disposition of Appellant's First and Fourth Assignments of Error.

{¶54} I further note that the Ohio Supreme Court has accepted a certified conflict on the issue of whether the constitutionally of the Reagan Tokes Act is ripe for review on direct appeal or only after the defendant has served the minimum term and been subject to extension by application of the Act. *See, State v. Maddox*, 6th Dist. Lucas No. L-19-1253, 2020-Ohio-4702, *order to certify conflict allowed, State v. Maddox*, 160 Ohio St.3d 1505, 2020-Ohio-6913, 159 N.E.3d 1150(Table); *State v. Downard,* 5th Dist. Muskingum No. CT2019-0079, 2020-Ohio-4227, *appeal accepted on Appellant's Proposition of Law No. II*, *State v. Downard*, 160 Ohio St.3d 1507, 2020-Ohio-6835, 159 N.E.3d 1507 (Table)(Sua sponte, cause held for the decision in 2020-1266, *State v. Maddox*).