[Cite as *State v. Stevens*, 2022-Ohio-2474.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. CT2020-0010 |
| | : | |
| TRENT STEVENS | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:            On remand from the Supreme Court of
                                    Ohio, Case No. 2021-0629

JUDGMENT:                           AFFIRMED

DATE OF JUDGMENT ENTRY:             July 18, 2022

APPEARANCES:

For Plaintiff-Appellee:                     For Defendant-Appellant:

D. MICHAEL HADDOX                           CHRISTOPHER BRIGDON
MUSKINGUM COUNTY PROSECUTOR                  8138 Somerset Road
                                            Thornville, OH 43076
TAYLOR P. BENNINGTON
27 North 5th Street
P.O. Box 189
Zanesville, OH 43701

*Delaney, J.*

{¶1} This matter is before this Court upon remand from the Supreme Court of Ohio. In Defendant-Appellant Trent Stevens' direct appeal of his conviction and sentence by the Muskingum County Court of Common Pleas, *State of Ohio v. Trent Stevens*, 5th Dist. Muskingum No. CT2020-0010, 2021-Ohio-1156, we declined to address his second Assignment of Error which challenged the constitutionality of the Reagan Tokes Act, and his third Assignment of Error regarding trial counsel's failure to challenge the Act. We found his challenges were not ripe for review. *See Stevens*, 2021-Ohio-1156, ¶ 36, 41.

{¶2} Stevens appealed our decision to the Supreme Court of Ohio, which accepted the appeal on the propositions of law regarding the Reagan Tokes Act and held the matter for decision in *State v. Maddox*, Case No. 2020-1266. On March 16, 2022, the Supreme Court issued its decision in *State v. Maddox*,     Ohio St.3d    , 2022-Ohio-764, __ N.E.3d  , where it found constitutional challenges to the Reagan Tokes Act are ripe  for review on direct appeal. By judgment entry filed on April 27, 2022, the Supreme Court reversed our judgment in *Stevens* and remanded the matter for further proceedings consistent with the Supreme Court's decision in *State v. Maddox*. Pursuant to the Supreme Court's judgment entry, we therefore address Stevens' second and third Assignments of Error.

**FACTS AND PROCEDURAL HISTORY**

{¶3}  A recitation of the underlying facts is unnecessary for the disposition of this appeal.

{¶4}  On October 9, 2019, the Muskingum County Grand Jury indicted Defendant-Appellant Trent Stevens on one count of aggravated burglary with a repeat

violent offender specification, a first-degree felony in violation of R.C. 2911.11(A)(1) and R.C. 2941.149, and one count of possession of drugs (methamphetamine), a second-degree felony in violation of R.C. 2925.11(A).

{¶5} Stevens entered a plea of not guilty to the charges and the matter was set for a jury trial on January 21, 2020.

{¶6} The jury trial commenced on January 21, 2020. On January 22, 2020, the parties appeared before the trial court stating that Stevens had chosen to withdraw his not guilty plea and instead plead guilty to an amended charge of aggravated robbery, a first-degree felony in violation of R.C. 2911.11(A)(1) and possession of drugs (methamphetamine), a second-degree felony in violation of R.C. 2925.11(A). (T. 272).

{¶7} After the plea colloquy, the trial court accepted Stevens' plea of guilty. (T. 289). The trial court followed the joint recommendation of the parties and imposed a minimum mandatory six-year prison term and an aggregate indefinite maximum prison term of nine years. The trial court also imposed a mandatory fine of $7,500.00. The sentencing entry was filed on January 23, 2020.

## ASSIGNMENTS OF ERROR

{¶8}  On direct appeal, Stevens raised four Assignments of Error:

{¶9} "I. STEVENS  WAS  DENIED  HIS  RIGHT  TO  BE  REPRESENTED  BY PRIVATE  COUNSEL,  IN  VIOLATION  OF  HIS  RIGHTS  UNDER  THE  SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION.

{¶10} "II. AS  AMENDED  BY  THE  REAGAN  TOKES  ACT,  THE  REVISED CODE'S SENTENCES FOR FIRST AND SECOND DEGREE QUALIFYING FELONIES

VIOLATES THE CONSTITUTIONS OF THE UNITED STATES AND THE STATE OF OHIO.

{¶11} "III. TRENT STEVENS RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL, IN VIOLATION OF THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND SECTION 10, ARTICLE I OF THE OHIO CONSTITUTION.

{¶12} "IV. THE TRIAL COURT ERRED IN DENYING STEVENS' MOTION TO WAIVE THE MANDATORY FINE."

{¶13} Pursuant to the Supreme Court's judgment entry remanding this matter under *State v. Maddox*, we address the second and third Assignments of Error.

**ANALYSIS**

**II.**

{¶14} In his second Assignment of Error, Stevens challenges the constitutionality of the Reagan Tokes Act.

{¶15} In *State v. Householder*, 5th Dist. Muskingum No. CT2021-0026, 2022-Ohio-1542, we set forth this Court's position on Stevens' arguments:

> For the reasons stated in the dissenting opinion of The Honorable W. Scott Gwin in *State v. Wolfe*, 5th Dist. Licking No. 2020CA00021, 2020-Ohio-5501, we find the Reagan Tokes Law does not violate Appellant's constitutional rights to trial by jury and due process of law, and does not violate the constitutional requirement of separation of powers. We hereby adopt the dissenting opinion in *Wolfe* as the opinion of this Court. In so holding, we also note the sentencing law has been found constitutional by the Second, Third, Sixth, and Twelfth Districts, and also by the Eighth

District sitting en banc. *See, e.g., State v. Ferguson*, 2nd Dist. Montgomery No. 28644, 2020-Ohio-4153; *State v. Hacker*, 3rd Dist. Logan No. 8-20-01, 2020-Ohio-5048; *State v. Maddox*, 6th Dist. Lucas No. L-19-1253, 2022-Ohio-1350; *State v. Guyton*, 12th Dist. Butler No. CA2019-12-203, 2020-Ohio-3837; *State v. Delvallie*, 8th Dist. Cuyahoga No. 109315, 2022-Ohio-470. Further, we reject Appellant's claim the Reagan Tokes Act violates equal protection for the reasons stated in *State v. Hodgkin*, 12th Dist. Warren No. CA2020-08-048, 2021-Ohio-1353.

{¶16} Based on the forgoing authority, Stevens' second Assignment of Error is overruled.

**III.**

{¶17} Stevens' second Assignment of Error argues his trial counsel rendered ineffective assistance by failing to challenge the constitutionality of the Reagan Tokes Act. We disagree.

{¶18} To prevail on a claim of ineffective assistance of counsel, a defendant must demonstrate: (1) deficient performance by counsel, i.e., that counsel's performance fell below an objective standard of reasonable representation, and (2) that counsel's errors prejudiced the defendant, i.e., a reasonable probability that but for counsel's errors, the result of the trial would have been different. *Strickland v. Washington*, 466 U.S. 668, 687–688, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), paragraphs two and three of the syllabus. "Reasonable probability" is "probability sufficient to undermine confidence in the outcome." *Strickland* at 694, 104 S.Ct. 2052.

{¶19} Because we have found the Reagan Tokes Act is constitutional, Stevens cannot demonstrate prejudice from counsel's failure to raise the claim in the trial court.

{¶20} The third Assignment of Error is overruled.

## CONCLUSION

{¶21} The judgment of the Muskingum County Court of Common Pleas is affirmed.

By: Delaney, J.,

Gwin, P.J. and

Hoffman, J., concur.